IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JULIE A. SOLER AMOR**, <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW M. SAUL,** Commissioner of Social Security, <br><br> Defendant. | Case No. 3:18-cv-0635-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

On November 15, 2019, Plaintiff filed a stipulated motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d). Judgment in this case was entered on August 28, 2019. The EAJA establishes specific requirements for fee applications, including that they be submitted within 30 days of final judgment, that they include a statement of financial eligibility of the plaintiff, and that they include an "allegation" that the government's position was not substantially justified. 24 U.S.C. § 2412(d); *see also Scarborough v. Principi*, 541 U.S. 401, 408 (2004) ("Section 2412(d)(1)(A) thus entitles a prevailing party to fees absent a showing by the Government that its position in the underlying litigation "was substantially justified," while § 2412(d)(1)(B) sets a deadline of 30 days after final judgment for the filing of a fee application and *directs that the application shall include*: (1) a showing that the applicant is a

PAGE 1 – ORDER

prevailing party; (2) a showing that the applicant is eligible to receive an award (in Scarborough's case, that the applicant's 'net worth did not exceed $2,000,000 at the time the civil action was filed,' § 2412(d)(2)(B)); and (3) a statement of the amount sought together with an itemized account of time expended and rates charged. The second sentence of § 2412(d)(1)(B) adds a fourth instruction, requiring the applicant simply to 'allege' that the position of the United States was not substantially justified." (emphasis added)).

Judgment in this case is considered final for purposes of EAJA on October 28, 2019. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607, 612 (9th Cir. 2007) (explaining that judgment is considered final for purposes of EAJA applications in social security cases when the 60-day time to file an appeal has expired, and that the "60-day appeal period applies whether or not the government consents to the judgment" for remands under both sentence four and sentence six). Plaintiff's EAJA application is due 30 days after final judgment and, therefore, is timely. Plaintiff's application, however, does not contain a statement of financial eligibility or an allegation that the government's position was not substantially justified. As discussed by the Supreme Court, these are required under EAJA but can be cured with an amended petition. *Scarborough*, 541 U.S. at 418-19.

Although Plaintiff is proceeding *in forma pauperis* (supporting an inference that Plaintiff is financially eligible) and the government stipulates to Plaintiff's petition for fees (supporting an inference that the government's position was not substantially justified), the Court will not infer matters that are mandated under statute to be specifically included in the fee petition. *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses *shall* . . . submit to the court an application for fees and other expenses *which shows* that the party . . . is [financially] eligible to receive an award under this subsection . . . . The party *shall* also allege

that the position of the United States was not substantially justified." (emphasis added)).

Accordingly, Plaintiff's application (ECF 23) is denied, without prejudice and with leave to file an amended application that cures the identified deficiencies.

**IT IS SO ORDERED.**

DATED this 18th day of November, 2019.

<u>/s/ *Michael H. Simon*</u>
Michael H. Simon
United States District Judge